**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

(Alexandria Division)

| | | |
|---|---|---|
| HAYA REAL ESTATE, LLC<br>2518 Fort Scott Drive<br>Arlington, Virginia 22202 | ) <br>)<br>)<br>)<br>) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| PATRICK WALTRON,<br>individually and in his capacity as CEO<br>   of U.S. Fuel and Energy, Inc.,<br>P.O. Box 8858<br>New Fairfield, Connecticut 06812, | )<br>)<br>)<br>)<br>) | **COMPLAINT** |
| and | )<br>) | |
| U.S. FUEL AND ENERGY, INC.,<br>a New York corporation,<br>575 Lexington Avenue<br>New York, NY 10022, and<br>11 Stony Hill Road, Suite 116<br>Bethel, CT 06801 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## INTRODUCTION

Plaintiff Haya Real Estate, LLC ("Haya"), by and through undersigned counsel, brings this action against Defendants Patrick Waltron and U.S. Fuel and Energy, Inc., (collectively, "Defendants"), and alleges as follows:

This action arises out of a fraudulent investment scheme in which Defendants induced Plaintiff to transfer $200,000 under false pretenses, promising a short-term, guaranteed return from a fictitious petrochemical transaction.

## PARTIES

1. Plaintiff Haya Real Estate, LLC is a Virginia limited liability company headquartered in Arlington, Virginia.

2. Defendant Patrick Waltron is a U.S. citizen residing in Connecticut and the Chief Executive Officer, managing officer, and principal operator of U.S. Fuel and Energy, Inc.

3. Defendant U.S. Fuel and Energy, Inc. is a New York corporation (DOS IS: 4345284) with business offices in New York and Connecticut and is wholly controlled by Defendant Waltron.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a Virginia citizen and Defendants are citizens of other states, and the amount in controversy exceeds $75,000.

5.  Defendants intentionally directed communications, negotiations, contracts, and financial transactions into Virginia with the purpose of inducing Plaintiff, a Virginia resident, to transfer funds. Defendants' conduct caused substantial injury within Virginia. Personal jurisdiction therefore lies under Virginia's long-arm statute and satisfies constitutional due process.

6.  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims—including the execution of contracts and the transfer of funds—occurred within this District.

### FACTUAL BACKGROUND

7.  Plaintiff is engaged in real estate development and selective international investment.

8.  Through its representative in Iraq, HAYA learned of a lucrative short-term investment opportunity in October 2024.

9.  Plaintiff was approached with an investment opportunity in October 2024 with what was described as a short-term, "100% guaranteed," "zero risk," and "fully secured" investment opportunity.

10.  Plaintiff was informed that Defendant U.S. Fuel was entering a lucrative petrochemical transaction with ARD Almisk, a company registered in Dubai, that U.S. Fuel was seeking partners to invest the transaction, and that Plaintiff could invest in transaction specifically through U.S. Fuel.

11.  Plaintiff was informed that transaction had already been approved and committed to by both sides—U.S. Fuel and ARD Almisk.

12. On October 19, 2024, ARD Almisk, executed and transmitted to Plaintiff a document titled "Joint Venture Agreement," purporting to bind ARD and Plaintiff to the deal. (The Joint Venture Agreement is attached hereto as Exhibit A).

13. On October 20, 2024, Waltron, as CEO of U.S. Fuel, executed and transmitted to Plaintiff a written agreement (the "Contract") purporting to bind U.S. Fuel to receive Plaintiff's funds and complete the trade. (The Contract is attached hereto as Exhibit B).

14. On October 20, 2024, Plaintiff signed the Contract from its offices in Arlington, Virginia.

15. In accordance the Contract, Plaintiff wired $200,000 from its Virginia bank account on October 21, 2024 to U.S. Fuel's Wells Fargo bank account.

16. Unknown to Plaintiff, these documents were intentionally fabricated and coordinated to create the false appearance of a legitimate international trade between sophisticated commercial actors.

17. Unknown to Plaintiff, no petrochemical transaction existed, no counterparties existed, and Defendants had no intention of performing any commercial activity on Plaintiff's behalf.

18. Despite Plaintiff's numerous and repeated requests, Defendants did not provide any documents —invoice, contract, bill of lading, bank instruction, or customs record— supporting the existence of the supposed transaction.

19. Plaintiff repeatedly demanded repayment between January and March 2025. Defendants refused, stalled, or made new false assurances.

20. As a result, Plaintiff has suffered damages exceeding $200,000.

**CAUSES OF ACTION**

**COUNT I — MONEY HAD AND RECEIVED**

21. Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22. On October 21, 2024, Plaintiff transferred $200,000 from its bank account in Arlington, Virginia to a Wells Fargo account controlled exclusively by Defendants U.S. Fuel and its CEO, Defendant Waltron.

23. Plaintiff made the transfer for a specific and expressly stated purpose—to fund a short-term, defined petrochemical transaction that Defendants represented was real, secured, fully guaranteed, and capable of producing a fixed return within ninety days.

24. Defendants expressly and implicitly agreed to receive Plaintiff's funds for that purpose and had a corresponding obligation to use the funds only as represented or, if the transaction did not occur, to immediately return Plaintiff's money.

25. Defendants did not use the funds for the purpose represented, did not engage in any bona fide commercial activity in connection with Plaintiff's money, and did not return any portion of the funds.

26. Upon information and belief, Defendants diverted, dissipated, or converted Plaintiff's funds for their own personal, unauthorized, or concealed uses, and not for any purpose that benefited Plaintiff or fulfilled the conditions upon which the money was conveyed.

27. Plaintiff demanded return of the money on multiple occasions beginning in January 2025, but Defendants refused and continue to refuse to return the funds.

28. Defendants' continued retention of Plaintiff's money is unlawful, inequitable, and unsupported by any legitimate claim of right, and allowing Defendants to retain such funds would sanction and perpetuate their misconduct.

29. Equity, justice, and good conscience require the immediate return of Plaintiff's $200,000.

WHEREFORE, Plaintiff seeks judgment against Defendants U.S. Fuel and Waltron, jointly and severally, for restitution of $200,000, pre- and post-judgment interest, costs, punitive damages in the amount of $350,000, attorneys fees, and such further relief as the Court deems proper.

## COUNT II — CONVERSION

30. Plaintiff realleges paragraphs 1 through 29 as if fully stated herein.

31. Plaintiff had a clear, immediate, and superior possessory right to the $200,000 that was transferred to Defendants for a limited and specific investment purpose, and had the right to the immediate return of those funds when Defendants failed to perform the asserted transaction.

32. Defendants knowingly and intentionally exercised wrongful dominion and control over Plaintiff's property by receiving the funds under false pretenses and thereafter refusing to return them, using the funds for unauthorized purposes, or diverting them to undisclosed accounts or actors.

33. Defendants' retention and use of Plaintiff's funds was wholly inconsistent with Plaintiff's ownership rights and constitutes a distinct act of ownership over the funds that was adverse to and in derogation of Plaintiff's rights.

6

34. Defendants' conduct was not the result of mistake, accident, or negligence, but was deliberate, calculated, and part of a coordinated scheme to misappropriate Plaintiff's money for Defendants' own benefit.

35. Despite repeated demands by Plaintiff beginning in early 2025, Defendants have refused to return the $200,000 or disclose its whereabouts, and continue to unlawfully withhold the funds.

36. As a direct and proximate result of Defendants' acts of conversion, Plaintiff has suffered damages including the loss of the $200,000, lost profits, financial disruption, and additional consequential harm.

37. Defendants' conduct was undertaken willfully, intentionally, and with conscious disregard for Plaintiff's property rights, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff seeks compensatory and punitive damages against all Defendants, jointly and severally, for restitution of $200,000, pre- and post-judgment interest, costs, punitive damages in the amount of $350,000, attorneys fees, and such further relief as the Court deems proper.

**COUNT III — UNJUST ENRICHMENT**

38. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff conferred a direct and substantial monetary benefit upon Defendants when it transferred $200,000 to U.S. Fuel at Defendants' request and based on Defendants' representations regarding a specific investment purpose.

40. Defendants accepted that benefit knowingly and voluntarily, with full awareness of the circumstances under which Plaintiff provided the funds, including that the funds were intended for a narrowly defined and supposedly risk-free transaction.

41. Upon information and belief, Defendants did not use the funds for any legitimate or authorized purpose, but instead diverted, dissipated, or misappropriated the funds for their own benefit or for purposes concealed from Plaintiff.

42. Plaintiff received no value, return, or benefit in exchange for the funds conferred, and Defendants have refused to return the funds despite repeated and unequivocal demands.

43. Under these circumstances, Defendants' continued retention and use of Plaintiff's funds is inequitable, unjust, and contrary to the principles of equity and good conscience, particularly where the funds were obtained through fraud, false pretenses, and bad faith.

44. Defendants' enrichment came at Plaintiff's direct expense and was procured through deliberate deception and wrongful conduct.

45. Equity requires that Defendants disgorge and return the funds wrongfully obtained from Plaintiff, and that any property, accounts, assets, or proceeds traceable to Plaintiff's funds be impressed with a constructive trust.

WHEREFORE, Plaintiff seeks restitution in the amount of $200,000, the imposition of a constructive trust or equitable lien on any funds or assets traceable to Plaintiff's property, pre- and post-judgment interest, attorneys' fees, punitive damages in the amount of $350,000, costs, and all further relief the Court deems appropriate.

## COUNT IV — BREACH OF CONTRACT

*(Pled in the Alternative)*

46. Plaintiff realleges paragraphs 1 through 20 as if fully set forth herein.

47. In the alternative to Plaintiff's claims sounding in equity and tort, Plaintiff alleges that on or about October 20, 2024, Plaintiff and Defendant U.S. Fuel and Energy, Inc., acting through its CEO and managing officer Defendant Waltron, entered into a valid and enforceable written contract (the "Contract").

48. The Contract required, among other things, that Defendants:

a. Receive Plaintiff's $200,000 for the express purpose of funding a defined petrochemical transaction; b. Use Plaintiff's funds solely for that transaction; and c. Complete the transaction and return Plaintiff's principal together with the agreed return within the stated time period, or otherwise promptly return Plaintiff's funds within 14 days if the transaction did not occur.

49. Plaintiff fully performed all of its obligations under the Contract, including wiring $200,000 from its Virginia bank account to Defendants' designated account on October 21, 2024.

50. Defendants materially breached the Contract by, among other things:

a. Failing to conduct or complete the represented petrochemical transaction;

b. Failing to use Plaintiff's funds for the contractually specified purpose;

c. Failing to provide any documentation evidencing performance or even the existence of the transaction; and

d. Failing and refusing to return Plaintiff's funds despite repeated demands.

9

51. Defendants' breaches were material, went to the essence of the Contract, and deprived Plaintiff of the benefit of its bargain.

52. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in an amount no less than $200,000, together with consequential damages, lost opportunity costs, pre- and post-judgment interest, and other recoverable losses.

53. Defendant Waltron is liable for breach of contract in his individual capacity because he personally executed the Contract, exercised complete control over U.S. Fuel, directly participated in the breaches, and used the corporate form as an instrumentality of fraud and injustice.

54. Plaintiff pleads this claim in the alternative pursuant to Rule 8(d), and seeks contractual damages should the Court determine that an enforceable contract existed notwithstanding Defendants' fraudulent conduct.

WHEREFORE, Plaintiff seeks judgment against Defendants U.S. Fuel and Energy, Inc. and Patrick Waltron, jointly and severally, for compensatory damages in an amount to be proven at trial but not less than $200,000, pre- and post-judgment interest, costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,


_____/s/_____
John P. Quinn, Esq. (VSB No. 85705)
QUINN PLLC
201 N. Union Street, Ste. 110
Alexandria, VA 22314
Telephone: (703) 786-0904
Email: quinnpllc@gmail.com

*Counsel for Plaintiff*

Exhibit A

## JOINT VENTURE AGREEMENT
### Contract Code: PRINA2024USFE/ADR-HAYA-1021M

This Joint Venture Agreement ("CONTRACT") is made and effective this October /19/2024.
BETWEEN: ARD ALMISK GENERAL TRADING LLC, abbreviation: (ARD).

| Company Name: | ARD ALMISK GENERAL TRADING LLC |
|---|---|
| Registration number: | 676714 |
| Legal address: | DUBAI, WARBA CENTER , FIRST FLOOR , OFFIC NO F43. |
| Represented by: | Mr. Abdulkhaleq Jasim Ahmed. |
| Position: | GENERAL MANAGER |
| Passport number: | A 176989653 |
| Country of Issue: | Republic of Iraq |
| Tel Number: | +971 4 294 0770 / +971 4 294 0255 |
| Email Address: | ard-almisk@hotmail.com |
| P.O.Box: | 93876, Dubai-UAE. |

AND: HAYA REAL ESTATE LLC.

| Company Name: | HAYA REAL ESTATE LLC |
|---|---|
| Registration number: | EIN 84-4018826 |
| Legal address: | virginia 2518 fort Scott Dr , Arlington 22202 |
| Represented by: | Mr. Haider Sulaiman |
| Position: | CEO |
| Passport number: | 655455235 |
| Country of Issue: | US |
| Tel Number: | +1 571 839 8308 |
| Email Address: | haider@ito-iraq.com |

Together both (ARD) and (Haya Real Estate LLC) shall be referred to as "the parties".

**WHEREAS:** both parties are desirous of leveraging their respective capabilities to work in the oil and gas business, especially, but not limited to, oil and gas trading on an international scale.

**WHEREAS:** Haya Real Estate LLC has good experience and expertise in the financial management industry, across functions and the supply chain, as well as a wide network of professionals and the capability to organize end-to-end transactions, in addition to his financial ability to support part of Oil trade deals according to his ability.

**WHEREAS:** ARD has a wide network of oil and gas suppliers and sellers across the globe, and ARD-ALMISK, alongside with has the capability to support oil and gas trading transactions expertise in the oil and gas industry, including logistics and supply chains, vessel arrangements, tank- to-tank, tank-to-vessel, and vessel-to-vessel transfers, relationships with ports and tank farms across the world and other related Capabilities ETC...

**WHEREAS:** the parties have agreed to develop a full-fledged Joint Venture Agreement (JVA) in October/19/2024.

**NOW THEREFORE,** in consideration of the mutual promises and obligations hereinafter set forth, the Parties agree as follows:

1. **THE PURPOSE & CONTEXT**

The purpose of this Contract is to formalize cooperation between the parties, this contract covers oil and gas trading transactions, of their ability to work together and profit percentage, charge will be confidential between two parties.

Haya Real Estate LLC
Authorized Signature

Page 1 of 4

ARD ALMISK GENERAL TRADING
Authorized Signature

## JOINT VENTURE AGREEMENT
### Contract Code: PRINA2024USFE/ADR-HAYA-1021M

Haya Real Estate LLC and ARD shall cooperate with their full respective capabilities and strengths and will fully leverage all their respective relationships of sellers, buyers, logistics providers, port authorities ETC…, to arrange successful oil and gas trading transactions between buyers and sellers for the purpose of making profit.

In so doing, while both parties will leverage all their capabilities and strengths as indicated above without prejudice and without holding back at all, the following are the main contributions expected of the parties:

A.  ARD: Allocate /find refinery/suppliers/sellers of oil products, especially Diesel EN590 10PPM, and Jet Fuel A1, LNG & other oil products ETC…, and support oil & gas transactions with the capability required to complete the transactions, as agreed with Haya Real Estate LLC.

B.  Haya Real Estate LLC: Bring to the transactions, financial support for Diesel EN590 10PPM, and Jet Fuel A1, LNG, LPG and support the transactions with overall transaction facilitation.

| Bank Name | Truist bank |
|---|---|
| Bank Address: | 1600 S Eads st , Arlington Va 22202 |
| Account Name: | Haya Real Estate LLC. |
| Account Number: | 255537814 |
| Routing Number: | 051404260 |

| Bank name: | EMIRATS NBD |
|---|---|
| Bank address: | Baniyas Road, Deira, Opp Dubai Creek Tower, next to Dubai Chamber Dubai - Dubai - United Arab Emirates. |
| Bank account name : | ARD ALMISK GENERAL TRADING LLC. |
| Bank account number: | AE6202600010145995573601 |
| Bank swift code: | EBILAEAD |
| Bank Officer name: | MR. JAVED ISLAM |
| Bank Tel: | +971 4 387 8707 |
| Bank Officer E-mail: | aslamj@emiratesnbd.com |

2.  LONG TERM JOINT VENTURE:

The parties agree that the cooperation work together, the parties agree to form a more permanent joint venture to focus on the oil and gas trading business.

3.  AMENDMENTS:

This Contract may be amended or modified only by a written Contract signed by both parties.

4.  GOVERNING LAW OF JUDGMENT AND ARBITRATION:

The terms of this Contract shall be governed by and construed in accordance with the laws of United Arab Emirates, including its conflicts of law provisions.

5.  DISPUTE:

Any dispute arising from this Contract shall be resolved in the courts of United Arab Emirates.

Page 2 of 4

Haya Real Estate LLC
Authorized Signature

ARD ALMISK GENERAL TRADING
Authorized Signature

## JOINT VENTURE AGREEMENT
### Contract Code: PRINA2024USFE/ADR-HAYA-1021M

6. **GOVERNING LAW OF JUDGMENT AND ARBITRATION:**

The terms of this Contract shall be governed by and construed in accordance with the laws of United Arab Emirates, including its conflicts of law provisions.

7. **WAIVER:**

Any party's failure to insist on compliance or enforcement of any provision of this Contract shall not affect its validity or enforceability or constitute a waiver of future enforcement of that provision or of any other provision of this Contract.

8. **NON-CIRCUMVENTION, NON-DISCLOSURE**

A. The Parties will not in any manner solicit, nor accept any business in any manner from sources or their affiliates, which sources were made available through this Agreement, without the express permission of the Party who made available the source.

B. The Parties will maintain complete confidentiality regarding each other business sources and/or their Affiliates and will disclose such business sources only to the named parties pursuant to the express written permission of this Party who made available the source.

C. That they will not in any of the transactions the Parties are desirous of entering into and do, to the best of their abilities assure the other that the transaction codes established will not be affected.

D. That they will not disclose names, addresses, e-mail address, telephone and tele-fax or telex numbers to any contacts by either Party to third parties and that they each recognize such contracts as the exclusive property of the respective parties, and they will not enter into any direct negotiations or transactions with such contracts revealed by the other Party.

E. That they further undertake not to enter into business transaction with banks, investors, sources of funds or other bodies, the names of which have been provided by one of the Parties to this agreement, unless written permission has been obtained from the other Party (IES) to do so, for the sake of this agreement, it does not matter whether information is obtained from a natural or a legal person the Parties also undertake not to make use of a third party to circumvent this clause.

F. That in the event of circumvention of this Agreement by either Party, directly or indirectly, the circumvented Party shall be entitled to a legal monetary penalty equal to the maximum service it should realize from such a transaction plus any and all expenses, including but not limited to all legal costs and expenses incurred to recover the lost revenue.

G. All considerations, benefits, bonuses, participation fees and/or commissions received as a result of the contributions of the Parties in the Agreement relating to any and all transactions will be allocated as mutually agreed.

H. This Agreement is valid for any and all transactions between the Parties herein and shall be governed the Uniform Commercial Code as interpreted by laws and the courts of New York, USA, or Switzerland at the selection of the Party commencing a legal action under the interpretation of the International Chamber of Commerce (ICC) France without regard of conflict of law. The signing Parties hereby accept such selected jurisdiction as the exclusive venue.

I. The duration of the Agreement shall perpetuate for five (5) years from last date of signing.

9. **TERMS:**

A. Signatures on this Agreement received by the way of Facsimile, Mail and/or E-mail shall be an executed contract, agreement enforceable and admissible for all purposes as may be necessary under the terms of the Agreement.

Page 3 of 4

Haya Real Estate LLC
Authorized Signature

ARD ALMISK GENERAL TRADING
Authorized Signature

## JOINT VENTURE AGREEMENT
### Contract Code: PRINA2024USFE/ADR-HAYA-1021M

B.  All signatories hereto acknowledge that they have read the foregoing Agreement and by their initials and signature that they have full and complete authority to execute the document for and in the name of the party for which they have given their signature.

C.  All faxed and/or e-mailed signatures shall be considered as original signatures for the purpose of binding all parties to this agreement, this document may be signed & in any number of counterparts all of which shall be taken together and shall constitute as being one & the same instrument.

D.  Any party may enter into this document and the agreement constituted thereby by signing any counterpart any time, date or period mentioned in any provision of this document shall only be amended by agreement in writing and signed off by all parties concerned.

E.  Furthermore, we agree that any and all agreed commissions due shall be paid to the beneficiary as a result of any extension or rolls of the contract and that we shall affect all necessary documentation with our bank without any undue delays ensuring such commissions/ or fees due for any services paid within the terms of the agreement.

**10. EFFECTIVENESS:**

This Contract shall become effective when signed by both Parties. IN WITNESS WHEREOF, the Parties have indicated their acceptance of the terms of this Contract by the latest of the signatures set forth below, effective on the Effective Date.

FOR & ON BEHALF OF:                          FOR & ON BEHALF OF:

HAYA REAL ESTATE LLC.                        ARD ALMISK GENERAL TRADING LLC.

Authorized Signature & Corporate Stamp        Authorized Signature & Corporate Stamp

Mr. Haider Sulaiman                          Mr. Abdulkhaleq Jasim Ahmed

Page **4** of **4**

Haya Real Estate LLC                         ARD ALMISK GENERAL TRADING
Authorized Signature                         Authorized Signature

Exhibit B

Reference Code: PRINA2024USFE/ADR-HAYA-1021M

<u>PRIVATE INVESTMENT AGREEMENT</u>

This Private Investment Agreement (the "Agreement"/"Contract") is entered into on this 20 day of October 2024 by and between **Haya Real Estate LLC**, with its offices located at virginia 2518 fort Scott Dr , Arlington 22202 and represented by **Mr. Haider Sulaiman**, <u>CEO</u>, and hereinafter referred to as "**Party A**", and **US Fuel & Energy Inc.** (USFE), with its offices located at 575 Lexington Avenue, New York, NY 10022 and 11 Stony Hill Road, Suite 116 Bethel, CT 06801 and represented by **Mr. Patrick Waldron**, <u>CEO</u>, and hereinafter referred to as "**Party B**", and Party A and Party B hereinafter together these individuals and entities shall be referred to as the "Parties" or "Party"

Whereas, the Parties mutually desire to execute this contract which shall be binding upon and inure to the benefit of the Parties, their legal representatives, successors and assigns, in accordance with the jurisdictional law of the negotiated and fully executed Contract with terms and provisions hereunder agreed upon.

Whereas, Party A, and Party B, under full corporate or trust authority and responsibility respectively warrant and represent to each other on the hereof under penalty of perjury that Party A has the full financial capability to deliver Funds in the amount hereunder specified, and that Party B has Funds in the amount hereunder specified from the Sale/Purchase of Petroleum Products to return said funds within the time specified hereunder.

Now therefore, the Parties have concluded the present Contract as follows:

1.  Party A hereby agrees to deliver Clean, cleared funds of non-criminal origin in the amount of USD$ 200,000.00 (Two Hundred Thousand USA Dollars) to Party B, via bank Wire (MT 103) or a financial Instrument/Check, as an investment, no later than forty-eight (48) hours business days following the execution of this Agreement by the Parties.

2.  The Parties hereby agree that in the event Party B is unwilling and/or unable to meet Terms and Conditions established and agreed in writing by the Parties, Party B shall deliver clean, cleared funds of non-criminal origin in the amount of USD$ 200,000.00 (Two Hundred Thousand USA Dollars) to Party A's Banking Coordinates stated hereinbelow, via bank Wire (MT 103), ex interest and fees, no later than fourteen (14) business days following the receipt of said funds into Party B's Bank Account stated hereinbelow.

3. **Banking Coordinates:**

**Party A:**

Bank Name: Truist

Bank Address: 1600 s eads st , Arlington Va 22202

Account Name: Haya Real Estate LLC.

Account Number: 255537814

Routing Number: 051404260

**Party B:**

Bank Name: Wells Fargo Bank, NA

Bank Address: 420 Montgomery Ave, San Fransisco, CA 94104

Account Name: US Fuel & Energy Inc.

Account Number: 7155161917

ABA Number: 121000248

Page **1** of **2**

Reference Code: PRINA2024USFE/ADR-HAYA-1021M

4.  Party A and Party B, each declare unto one another that the payments stated herein, and the origin of the funds, do not contravene: the Drug Trafficking Offenses Act 2015, the Criminal Act 1988, the Criminal Justice (International Co-Operation) Act 1990, the Money Laundering and Terrorist Regulations 2023,  or any other illegal or criminal activity and accordingly each Party to this Agreement indemnifies each other against any such allegations which, may or may not be made in the future.

5.  The Parties agree that the above represents the total agreement between the Parties.

**IN WITNESS WHEREOF,** the parties have understood all of the terms and conditions of this Private Funds Agreement and hereby agree to honor all clauses with the privileges, rights and immunities pertaining therein, making this Private Funds Agreement effective on and as of the Effective Data upon signing and sealing by all parties.

**For and On Behalf Party A:**
**US Fuel & Energy Inc.**

By: _____

Name:  Mr. Patrick Waldron

Title:    CEO

Date:    October/20/2024

**For and on Behalf of Party B:**
**Haya Real Estate LLC.**

By: _____

Name:  Mr. Haider Sulaiman

Title:   CEO

Date:   October/20/2024